Jack Napier v. Commissioner.
Napier v. Commissioner
Docket No. 5307-66.
United States Tax Court
T.C. Memo 1968-70; 1968 Tax Ct. Memo LEXIS 225; 27 T.C.M. (CCH) 363; T.C.M. (RIA) 68070; April 23, 1968. Filed Edward Simpson, for the respondent. ATKINS
Memorandum Opinion ATKINS, Judge: The respondent, by notice of deficiency mailed July 18, 1966, determined a deficiency in income tax against the petitioner for the taxable year 1961 in the amount of $2,289.12, and an addition to tax under section 6653(a) of the Internal Revenue Code of 1954 in the amount of $123.86. In determining the deficiency the respondent, among other things, determined that the petitioner had failed to report *226 gross income in the amount of $6,278.50, stating that such amount represented funds belonging to the petitioner's employer which the petitioner converted to his personal use during the taxable year 1961. In his petition the petitioner alleged that the respondent erred in his determination of the deficiency and also pleaded the bar of the statute of limitations. At the trial there was no appearance by or on behalf of the petitioner and the evidence of record does 364 not sustain his allegations of error with respect to the respondent's determination of the deficiency. Inasmuch as the burden of proof was upon him in this respect and he has failed to meet such burden, we approve the respondent's determination of the deficiency and the addition to tax. The record does establish that the petitioner timely filed his return for the taxable year in question on or before April 15, 1962. Since the notice of deficiency was not mailed within 3 years after April 15, 1962 (having been mailed about 4 years after such date), assessment and collection of the deficiency and the addition to tax are barred by section 6501(a) of the Code unless, as alleged by the respondent, the petitioner omitted *227 "from gross income an amount properly includible therein which is in excess of 25 percent of the amount of gross income stated in the return," in which case, pursuant to section 6501(e)(1)(A) of the Code, the notice of deficiency was timely, having been mailed within 6 years after April 15, 1962. The respondent has the burden of proving that there was such an omission of gross income by the petitioner. Genevieve B. Walker, 46 T.C. 630. Prior to the time this case was called for trial, the Court issued an order to show cause, pursuant to Rule 31(b)(5) of the Court's Rule of Practice, wherein the petitioner was ordered to show cause why the facts and evidence covered in the respondent's motion for such order to show cause should not be accepted as established for the purposes of this case. The petitioner failed to file a response to such order to show cause and, when the case was called for trial, the respondent moved that the order to show cause be made absolute. Such motion was granted and the Court ordered that the facts and evidence covered by the respondent's motion be accepted as established for the purposes of this case. The facts established by the record which *228 pertain to the statute of limitations issue are: the petitioner timely filed his Federal income tax return for the taxable year 1961 with the district director of internal revenue at Omaha, Nebraska, in which he reported gross income of $5,356.43; he was employed by Big Chief of Nebraska, Inc., Grand Island, Nebraska, (hereinafter referred to as Big Chief), from February 1961 to February 1962 as a salesman of steel buildings and other products; he received commissions in the taxable year in question in the amount of $5,356.43, which were duly reported in his return; during the taxable year 1961 he received from customers of Big Chief for transmission to that company checks totalling $4,278.50; he did not remit these funds to Big Chief, but either cashed the checks or deposited them to his own bank account; Big Chief terminated petitioner's services; on April 30, 1962, petitioner sued Big Chief, alleging that Big Chief owed him commissions of about $9,000, that he had in his possession monies which he held as a setoff against the amount owed him by Big Chief, and that there was a balance owing him by Big Chief of at least $3,200; on September 19, 1962, Big Chief filed a cross-petition *229 in that suit alleging that no commissions were owed to the petitioner, and making claim for large sums of money held by the petitioner representing downpayments and other monies belonging to Big Chief; on March 11, 1964, judgment was entered in favor of Big Chief in the amount of $6,355.95; no payments have been made by the petitioner on such judgment; and in his return for 1961 the petitioner did not include as income the above amount of $4,278.50. The record thus establishes that in the taxable year 1961 the petitioner appropriated to his own use funds which he had collected for his employer to the extent of at least $4,278.50, and that he held them under a claim of right. It is well established that if "a taxpayer receives earnings under a claim of right and without restriction as to its disposition, he has received income which he is required to return, even though it may still be claimed that he is not entitled to retain the money, and even though he may still be adjudged liable to restore its equivalent." North American Oil Consolidated v. Burnet, 286 U.S. 417. See also James v. United States, 366 U.S. 213. We therefore hold that the petitioner omitted *230 from gross income an amount in excess of 25 percent of the amount of gross income stated in his return, and that therefore assessment and collection of the deficiency in tax and the addition to tax are not barred by the statute of limitations. Decision will be entered for the respondent. 365